- 1 -

| | |
|---|---|
| Your Name: | George Jarvis Austin |
| Address: | 2107 Montauban Court |
| Phone Number: | 209.915.6304 |
| Fax Number: | |
| E-mail Address: | gaustin07@berkeley.edu |
| Pro Se Plaintiff | |

**FILED**

JAN 18 2022

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

C22-00360 LB

George Jarvis Austin

Plaintiff,

vs.

One Legal

Defendant.

Case Number   *[leave blank]*

**COMPLAINT**

DEMAND FOR JURY TRIAL

Yes ☒  No ☐

**PARTIES**

1. Plaintiff. [*Write your name, address, and phone number. Add a page for additional plaintiffs.*]

| | |
|---|---|
| Name: | George Jarvis Austin |
| Address: | 2107 Montauban Court |
| Telephone: | 209.915.6304 |

COMPLAINT
PAGE ___ OF ___ [*JDC TEMPLATE – Rev. 05/2017*]

2. **Defendants.** [*Write each defendant's full name, address, and phone number.*]

Defendant 1:

Name:       One Legal LLC

Address:    1400 N McDowell Blvd Ste 300

Telephone:  Petaluma, CA, 94954-6553

Defendant 2:

Name:       _____

Address:    _____

Telephone:  _____

Defendant 3:

Name:       _____

Address:    _____

Telephone:  _____

## JURISDICTION

[*Usually only two types of cases can be filed in federal court, cases involving "federal questions" and cases involving "diversity of citizenship." Check at least one box.*]

3. My case belongs in federal court

☒ under <u>federal question jurisdiction</u> because it is involves a federal law or right.

[*Which federal law or right is involved?*] Retaliation, Discrimination, Title VII

_____.

☐ under <u>diversity jurisdiction</u> because none of the plaintiffs live in the same state as any of the defendants <u>and</u> the amount of damages is more than $75,000.

COMPLAINT
PAGE ___ OF ___ [*JDC TEMPLATE – Rev. 05/2017*]

## VENUE

[*The counties in this District are: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo, or Sonoma. If one of the venue options below applies to your case, this District Court is the correct place to file your lawsuit. Check the box for each venue option that applies.*]

4.    Venue is appropriate in this Court because:

☒ a substantial part of the events I am suing about happened in this district.

☒ a substantial part of the property I am suing about is located in this district.

☐ I am suing the U.S. government, federal agency, or federal official in his or her official capacity <u>and</u> I live in this district.

☒ at least one defendant is located in this District and any other defendants are located in California.

## INTRADISTRICT ASSIGNMENT

[*This District has three divisions: (1) San Francisco/Oakland (2) San Jose; and (3) Eureka. First write in the county in which the events you are suing about happened, and then match it to the correct division. The San Francisco/Oakland division covers Alameda, Contra Costa, Marin, Napa, San Francisco, San Mateo, and Sonoma counties. The San Jose division covers Monterey, San Benito, Santa Clara, Santa Cruz counties. The Eureka division covers Del Norte, Humboldt, Lake, Mendocino counties, only if all parties consent to a magistrate judge.*]

5.    Because this lawsuit arose in _____ County, it should be assigned to the _____ Division of this Court.

## STATEMENT OF FACTS

[*Write a short and simple description of the facts of your case. Include basic details such as <u>where</u> the events happened, <u>when</u> things happened and <u>who</u> was involved. Put each fact into a separate, numbered paragraph, starting with paragraph number 6. Use more pages as needed.*]

___. See Attached. _____

_____

_____

_____

_____

_____

COMPLAINT

PAGE ___ OF ___ [*JDC TEMPLATE – Rev. 05/2017*]

See Attached.

//

//

COMPLAINT

PAGE ___ OF ___ *[JDC TEMPLATE – Rev. 05/2017]*

1 | **CLAIMS**

2 | **First Claim**

3 | (*Name the law or right violated:* See Attached. )

4 | (*Name the defendants who violated it:* See Attached. )

5 | [*Explain briefly here <u>what</u> the law is, <u>what each</u> defendant did to violate it, and <u>how</u> you were*

6 | *harmed.  You do not need to make legal arguments. You can refer back to your statement of facts.*]

7 | ____. See Attached. _____

8 | _____

9 | _____

10 | _____

11 | ____. _____

12 | _____

13 | _____

14 | _____

15 | ____. _____

16 | _____

17 | _____

18 | _____

19 | ____. _____

20 | _____

21 | _____

22 | _____

23 | ____. _____

24 | _____

25 | _____

26 | _____

27 | //

28 |

COMPLAINT

PAGE ___ OF ___ *[JDC TEMPLATE – 05/17]*

## DEMAND FOR RELIEF

*[State what you want the Court to do. Depending on your claims, you may ask the Court to award you money or order the defendant to do something or stop doing something. If you are asking for money, you can say how much you are asking for and why you should get that amount, or describe the different kinds of harm caused by the defendant.]*

_____. See Attached.

## DEMAND FOR JURY TRIAL

*[Check this box if you want your case to be decided by a jury, instead of a judge, if allowed.]*

☒ Plaintiff demands a jury trial on all issues.

Respectfully submitted,

Date: 1/13/2022          Sign Name: _____

                         Print Name:   George Jarvis Austin

COMPLAINT

PAGE ____ OF ____ *[JDC TEMPLATE – 05/17]*

George Jarvis (J).. Austin, esq. (TBA)
Austin v. OneLegal, et. al. case# **TBA**
240 E. Channel St. #1354 Stockton, CA 95202, or alternatively
2107 Montauban Ct., Stockton, CA 95210

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

GEORGE J. AUSTIN, Plaintiff,                           Complaint

v.

OneLegal., et al., Defendants.

1400 North McDowell Blvd Suite 300
Petaluma, CA 94954 United States

1385 Mission St #330,
San Francisco, CA 94103

Case# **TBA**

George Jarvis (J).. Austin, esq. (TBA)
Austin v. OneLegal, et. al. case# **TBA**
240 E. Channel St. #1354 Stockton, CA 95202, or alternatively
2107 Montauban Ct., Stockton, CA 95210

## FACTS.

"Time and again, powerful and brilliant men and women have produced racist ideas in order to justify the racist policies of their era, in order to redirect the blame for their era's racial disparities away from those policies and onto Black people (and sometimes using Black People to do so).... The principal function of racist ideas in American history has been the suppression of resistance to racial discrimination and its resulting racial disparities.

The beneficiaries of slavery, segregation, and mass incarceration have produced racist ideas of Black people being best suited for or deserving of the confines of slavery, segregation, or the jail cell. Consumers of these racist ideas have been led to believe there is something wrong with Black people, and not the policies that have enslaved, oppressed, and confined so many Black people."

— **Ibram X. Kendi**, Stamped from the Beginning:
The Definitive History of Racist Ideas in America

Plaintiff, George Jarvis Austin, entered into an employment and business contract with One Legal, https://www.onelegal.com/ and performed services above and beyond (and early before deadlines) what was described by Defendant OneLegal. Plaintiff (as a business owner, and contractor) has contracts with various businesses, and maintains multiple positive business relationships. Plaintiff inquired specifically what metrics the company would use to evaluate partnership results (, before agreeing to the agreement, and explicitly further clarified after). Plaintiff went above and beyond to ensure each of those metrics were surpassed based on the explanation, clarification, training, and instruction Edee Thomas ethomas@onelegal.com provided (and Cesar and TJ explicitly instructed to listen to Edee) before and during initial orientation (to the structure of their system).

All elements of a fundamental enforceable contract were met, and surpassed (with Edee, Cesar, and TJ  TJ Murphy <tjmurphy@onelegal.com > Cesar Lopez <clopez@onelegal.com>

George Jarvis (J).. Austin, esq. (TBA)
Austin v. OneLegal, et. al. case# **TBA**
240 E. Channel St. #1354 Stockton, CA 95202, or alternatively
2107 Montauban Ct., Stockton, CA 95210

Edee Thomas <ethomas@onelegal.com>) helping to clarify the four corners of the contract before

Plaintiff signing, and performance). Defendant, One Legal, has not only breached the letter, and

spirit of the contract, but actually intentionally discriminated, and retaliated, in a fairly obvious, and

ridiculous manner (after they did not perform, and then Plaintiff identified, inquired, reported, in

writing their multiple failures to perform with an open question, and invitation, to correct their

non-performance and unconstitutional behaviors). Defendant OneLegal's failures included, but are

not limited to, lack of key communication (although they emphasized its importance), non-timely

payment for services rendered, and orders completed (when they specified time and manner of

payment), much less than the assigned orders than agreed on, or expected (after they themselves

provided specific 1st week, and total minimum, and maximum orders), as well as others. Plaintiff

inquired, attempted to solve, and reported Defendants failures up the company 'chain of command'

including reporting to support.onelegal.com/contact-us issues as they emerged, ('likewise,' they

haven't responded to date) and shall file those receipts on the docket (and link back to complaint).

See dckt. # **TBA**

## Offer and Acceptance

Defendant One Legal, who empowered Edee Thomas to make a contract offer on their behalf as

their employee publicly representing the company did so specifically for a position in Northern

California (with a particular geography, expected order number based on months of data she

quoted to Plaintiff for purpose of inducing into contract (before Plaintiff signed contract) for the

person the company sought to replace, and documented). After verbal explanation, on recorded

George Jarvis (J).. Austin, esq. (TBA)
Austin v. OneLegal, et. al. case# TBA
240 E. Channel St. #1354 Stockton, CA 95202, or alternatively
2107 Montauban Ct., Stockton, CA 95210

phone lines, of the four corners of the contract to ensure mutual assent, and to buttress, and clarify the written contract before Plaintiff signed, he agreed verbally, and signed the contract as offered.

Specifically, the contract structure as clarified by Edee, Cesar, and TJ explicitly offered Plaintiff check-ins every Friday with Edee for 2 and 1/2 months (10 weeks) during training/orientation period (she preferred, and suggested the structure). First week 25 orders (as an extremely manageable low end start order number) for Plaintiff to get acclimated to their particular system, and set good habits. Edee explicitly clarified both historical, and expected numbers, for this role (both in the present, and in the near future, as the offer was to replace a specific person so she had lots of data). Edee explicitly provided a range from approximately 100 orders low end to 600 orders monthly (translates to approx 3.3 daily to 20 daily) higher end as expected range for contract, area, and role. The physical contract also included explicit dollar amounts earned in respect to specific orders. She also quoted the specific earnings for the specific order numbers in specific regions (including the one I'm replacing). For this particular order type the pay range (based on order type and complexity) translates into approximately $3,000-$6,000+ to $18,000-$36,000+, monthly (*$36K-$72K to $216K-$432K annually just for this order type*).

Edee explicitly said the previous person being replaced, by me, averaged closer to 100, monthly (*for this particular order type*), and production wasn't high enough which is why they offered the contract to replace them. Edee suggested, and clarified the training schedule, including the very small initial amount the first week, which Cesar seemed to disagree with, and alternatively said to just Plaintiff choose how many he wants. However, he ensured that either way there was

George Jarvis (J).. Austin, esq. (TBA)
Austin v. OneLegal, et. al. case# TBA
240 E. Channel St. #1354 Stockton, CA 95202, or alternatively
2107 Montauban Ct., Stockton, CA 95210

plenty of room for expansion.   The signed contract shall be filed and linked to the complaint.   See Docket # **TBA.**

This offer was made in a manner that contains the important and relevant terms of the contract in a clear and precise manner (and explained the ambiguity prior to signing including historic, and expected order amounts of this type).  Generally, those terms that are not clearly defined are deemed to be implied.  In this set of facts no counteroffer, or revocation, of the clearly defined terms of contract was made.  It is important to note that once an offer is accepted (as OneLegal made, and Plaintiff accepted), it forms a binding contract. Therefore, it behooves OneLegal to have been more cautious as to their offers, and subsequent performance, because once accepted by the other party, it immediately became legally bound by those terms.

For context, I'm easily able to complete, or attempt, *25-50+ orders* **daily**, *(750-1500* **monthly***)*, individually without a team (translating into *$22,500-$45,000* (low end) to *$45,000-$90,000* (high end), **monthly**).  This is based on actual timed metrics and data over an extended period of time after ongoing mastery of local rules, and technological input systems (especially with this company as the reporting requirements are less stringent based on available options in the software One Legal uses). For example Cesar said during the initial conversation, when discussing expectations of contract performance, that pictures, or overly descriptive data, weren't required (though Plaintiff noted, and still offered in the completed orders where issues may emerge i.e. refusal).

George Jarvis (J).. Austin, esq. (TBA)
Austin v. OneLegal, et. al. case# **TBA**
240 E. Channel St. #1354 Stockton, CA 95202, or alternatively
2107 Montauban Ct., Stockton, CA 95210

## Consideration

Plaintiff, not only accepted the agreement, as stated above and articulated by One Legal according to their own standards, but fully performed (and surpassed what they presented as the standard, including communication).  Generally, after an agreement is accepted consideration is provided when something of value, either an object or service is exchanged between the parties as consideration.  Plaintiff did so when began completing orders, even though he noted, and reported up the chain (including all key stakeholders above), that the company was non-performing their explicitly stated, and explained contract terms (not even the very low beginning amount of 25 orders the first week), and added insult to injury by not paying in a timely manner (according to the time and date explained by One Legal).  For the purpose of consideration the actual value or amount exchanged between the two parties does not matter under law. It has been long held that consideration can be as small as a 'peppercorn' – in other words, a small grain of spice is enough to constitute valuable consideration.   As long as there is some degree of exchange involved, it is considered to be valid  (this is even more applicable here when Plaintiff began performing services and completing orders as evidenced by signed proofs).  See attached signed exhibits/proofs. Docket # **TBA.**

## Capacity

Plaintiff, and Defendant, One Legal (represented by TJ, Edee, and Cesar), all have capacity (or in Defendants case at minimum presented themselves to have capacity, as Plaintiff has not verified, but that would still be a OneLegal issue as the company empowered them to do so) to enter into contract, and did so free and clear of pressure, or unconscionable factors.

George Jarvis (J).. Austin, esq. (TBA)
Austin v. OneLegal, et. al. case# TBA
240 E. Channel St. #1354 Stockton, CA 95202, or alternatively
2107 Montauban Ct., Stockton, CA 95210

## Consent (but with Defendant Fraudulent Inducement/Misrepresented)

There was no undue influence or pressure exerted; the terms were explained by Defendant (in a

standardized contract designed by OneLegal) and agreed to freely by both parties.  However

Defendant, Legal One's, fraud may call into question certain aspects as the California Supreme

Court held that "fraud undermines the essential validity of the parties' agreement.  When fraud is

proven, it cannot be maintained that the parties freely entered into an agreement reflecting a

meeting of the minds."  Riverisland Cold Storage, Inc. v. Fresno-Madera Production Credit Assn.

(2013) 55 Cal.4th at p. 1182.   The subsequent choice of rescission, or affirmation of contract, and

then winning contractual damages lay with the Plaintiff.  Plaintiff is likely to choose contract

affirmation and damages (including the opportunity costs that have been, and are being violated by

Defendant) are significant, and further the contract had been solidified, and performed by Plaintiff

(though Defendant did not perform: fraudulently).

## VIOLATIONS: DESPITE PLAINTIFF PERFORMANCE

At this point of this writing we are in week two of the training and serious Defendant contractual

breaches, tortious activity, and constitutional violations have already occurred (although Plaintiff

has performed his duties, above and beyond, perfectly, as explained by their own team while

encouraging them to correct their contractual, and other, deficits [to and with Plaintiff] so a lawsuit

would not be necessary).

## JURISDICTION

Under Article III of the Constitution, Federal courts can hear "all cases, in law and equity, arising

under this Constitution, [and] the laws of the United States…" See US Const, Art II, Sec. 2   The

George Jarvis (J).. Austin, esq. (TBA)
Austin v. OneLegal, et. al. case# TBA
240 E. Channel St. #1354 Stockton, CA 95202, or alternatively
2107 Montauban Ct., Stockton, CA 95210

Supreme Court has interpreted the clause broadly to hear any case with a federal ingredient.  See

Osborn v. Bank of the United States, 9 Wheat. (22 U.S.) 738 (1824).  Jurisdiction is proper under

Federal question jurisprudence.  Defendant's Headquarters is in Petaluma, California.  Because

issues of discrimination, and retaliation, as a Black man, and other protected characteristics, the

Federal Question Jurisdictional standard is met.

1. **Breach of Contract**

    a. Defendant Legal One breached multiple components of their contract with Plaintiff

    after they wrote the contract, explained its terms, and provided the specificity

    around the mutual expectations as described above.  See *Alterg, Inc. v. Boost*

    *Treadmills LLC*, 388 F. Supp. 3d 1133, 1147 (N.D. Cal. 2019) ("A plaintiff can

    state a claim for breach of contract by quoting verbatim the terms of the contract or

    attaching the contract to the complaint, but he is not required to do so. "[A]

    complaint for breach of contract must include the contract itself or plead its essential

    terms.")  "A contract is a voluntary and lawful agreement, by competent parties, for

    a good consideration, to do or not to do a specified thing." See Robinson v.

    Magee(1858) 9 Cal. 81, 83. See also Edwards v. Kearzey, 96 U.S. 595, 600 (1877)

    ("The lexical definition of "impair" is "to make worse; to diminish in quantity,

    value, excellence, or strength; to lessen in power; to weaken; to enfeeble; to

    deteriorate." Webster's Dict. "Obligation" is defined to be "the act of obliging or

    binding; that which obligates; the binding power of a vow, promise, oath, or

    contract," c. Id. "The word is derived from the Latin word obligatio, …The

George Jarvis (J).. Austin, esq. (TBA)
Austin v. OneLegal, et. al. case# TBA
240 E. Channel St. #1354 Stockton, CA 95202, or alternatively
2107 Montauban Ct., Stockton, CA 95210

obligation of a contract includes every thing within its obligatory scope. Among

these elements nothing is more important than the means of enforcement. This is the

breath of its vital existence. …. The ideas of right and remedy are inseparable.

"Want of right and want of remedy are the same thing."")

"The elements of a claim for breach of contract are: "(1) the existence of the

contract , (2) plaintiff's performance or excuse for nonperformance , (3) defendant's

breach , and (4) the resulting damages to the plaintiff ." Oasis W. Realty, LLC v.

Goldman , 51 Cal. 4th 811, 821, 124 Cal.Rptr.3d 256, 250 P.3d 1115 (2011)" See

Eonline Glob., Inc. v. Google LLC, 387 F. Supp. 3d 980, 985 (N.D. Cal. 2019)

See also Richman v. Hartley (2014) 224 Cal.App.4th 1182, 1186 [169Cal.Rptr.3d

475].)  "The wrongful, i.e., the unjustified or unexcused, failure to perform a

contract is a breach. " See 1 Witkin, Summary of California Law (10th ed. 2005)

Contracts, § 847,  See also Moore Construction v. Quanta Specialty Lines Ins. Co.,

1:08-cv-00020-SMS, at *25-26 (E.D. Cal. June 22, 2009) ("A breach of contract

consists of unjustified, unexcused nonperformance of a material promise. Sterling v.

Gregory, 149 Cal. 117, 121 (1906); Woodard v. Glenwood Lumber Co., 171 Cal.

513, 522 (915); see, 1 Witkin, Summary of California Law § 847 (10th ed. 2005).

The failure to perform may arise from the wilful breach of the promise or from a

negligent performance of failure to perform. Chapman v. California, 104 Cal. 690,

George Jarvis (J).. Austin, esq. (TBA)
Austin v. OneLegal, et. al. case# TBA
240 E. Channel St. #1354 Stockton, CA 95202, or alternatively
2107 Montauban Ct., Stockton, CA 95210

694 (1894). The contract unambiguously provided for [*the stated contract terms Defendant One Legal is in breach of*]")

As mentioned above Plaintiff agreed to a 10 week training period, with check-ins on Fridays with Edee, payment weekly, 1st week of very small 25 orders (for initial training purposes), monthly range above 100 orders (as this was unsatisfactory by previous person) and (both OneLegal, and Plaintiff,) to have open lines of communication (especially during training period to ensure mastery of the software and desired manner of order completion).  Unfortunately, Defendant OneLegal breached the contract by violation of all the above metrics, and failed to perform their end of the bargain.  Because OneLegal, via Edee, TJ, and Cesar went out of their, and proactively, explained detailed expectations, and actually provided expected order numbers, metrics for performance, and other data (as part of the contract to be included in the four corners of the contract), including effective communication, their company has failed miserably.   OneLegal's company behavior has not only failed its own metrics, but intentionally discriminated (treating in substandard manner I.e. way below stated numbers and operating procedures). Once Plaintiff realized questions weren't being answered, and some questions were intentionally not answered in writing, he made sure to keep all key stakeholders in the loop via email in all communications they have no excuse for their company's behavior (I.e. whistleblowing).

George Jarvis (J).. Austin, esq. (TBA)
Austin v. OneLegal, et. al. case# TBA
240 E. Channel St. #1304 Stockton, CA 95202, or alternatively
2107 Montauban Ct., Stockton, CA 95210

Defendant's contract with Plaintiff, and subsequent breaches, are not just interpreted in light of California law, but is "harmonized" with respect to its fundamental purpose, "parties intent, " contextual clues, and legally valid construction that does not violate public policy. See PureWafer Inc. v. City of Prescott, 845 F.3d 943, 954 (9th Cir. 2017)  See also Sunday's Child, LLC v. Irongate AZREP BW LLC, 666 F. App'x 587, 5-6 (9th Cir. 2016)  See also N.D. v. Hawaii Department of Education, 600 F.3d 1104, 1109 (9th Cir. 2010) ("the... provision[s] of payment, training communication, etc.] is the whole purpose of the contract.") See also Egan v. Mut. of Omaha Ins. Co., 24 Cal.3d 809, 823 n. 7, 169 Cal.Rptr. 691, 698 n. 7, 620 P.2d 141, 149 n. 7 (1979) (deprives ... the essential benefit of the agreement."). "'[T]he covenant of good faith can be breached for objectively unreasonable conduct, regardless of motive.' (like ..refusal to abide by its own insisted terms, payment, communication, etc.); there is no requirement to establish subjective bad faith." See Bosetti v. United States Life Ins. Co. in the City of New York (2009) 175 Cal.App.4th 1208, 1236.  One Legal is in breach and has not abided by any of its essential agreement terms including but not limited to payment for services rendered while relying on One Legal's offered, and accepted contract.

2. **Fraud Inducement, deception, misrepresentation, concealment, false promise**

   a. Defendant OneLegal engaged in intentional misrepresentation, concealment, false promise to induce Plaintiff into contract, and Plaintiff performance.  Because of the

George Jarvis (J).. Austin, esq. (TBA)
Austin v. OneLegal, et. al. case# TBA
240 E. Channel St. #1354 Stockton, CA 95202, or alternatively
2107 Montauban Ct., Stockton, CA 95210

overt, and specific, nature of Defendant One Legal's behavior, and

communications, the specific details of what happened, when, where, and to whom

is transparent.  "Justifiable reliance is an essential element of a claim for fraudulent

misrepresentation, and the reasonableness of the reliance is ordinarily a question of

fact."  See Guido v. Koopman (1991) 1 Cal.App.4th 837, 843.  See also Field v.

Mans, 516 U.S. 59, 60 (1995) ("The Restatement (Second) of Torts states that

justifiable , rather than reasonable, reliance is the applicable standard. The

Restatement rejects a general, reasonable person standard in favor of an individual

standard that turns on the particular circumstances, and it provides that a person is

justified in relying on a factual representation without conducting an investigation,

so long as the falsity of the representation would not be patent upon cursory

examination.")  "Actual reliance occurs when the defendant's misrepresentation is

an immediate cause of the plaintiff's conduct, altering [her] legal relations, and

when, absent such representation, the plaintiff would not, in all reasonable

probability, have entered into the [contract or] transaction." See Patera v. Citibank,

N.A., 79 F. Supp. 3d 1074, 1085 (N.D. Cal. 2015)  See also Hammes Co.

Healthcare, LLC v. Tri-City Healthcare District, 801 F. Supp. 2d 1023, 1042 (S.D.

Cal. 2011) ("Reliance may be inferred from the circumstances attending the

transaction. Boeken v. Philip Morris Inc., 127 Cal.App.4th 1640, 26 Cal.Rptr.3d

638, 653 (2005).")

George Jarvis (J).. Austin, esq. (TBA)
Austin v. OneLegal, et. al. case# TBA
240 E. Channel St. #1354 Stockton, CA 95202, or alternatively
2107 Montauban Ct., Stockton, CA 95210

"It is not . . . necessary that [a plaintiff's] reliance upon the truth of the

fraudulent misrepresentation be the sole or even the predominant or decisive factor

in influencing his conduct. . . . It is enough that the representation has played a

substantial part, and so has been a substantial factor, in influencing his decision."

Engalla v. Permanente Med. Group, Inc., 15 Cal.4th 951, 976-77, 64 Cal.Rptr.2d

843, 938 P.2d 903 (1997) (alterations in original) (quoting Restatement (Second) of

Torts § 546 cmt. b at 103). The Supreme Court of California recently explained …

[and] has instructed that the question whether a party detrimentally relied on the

misrepresentation of another party is properly left to a jury. " See City Solutions,

Inc. v. Clear Channel, 365 F.3d 835, 840 (9th Cir. 2004) "In assessing actual

reliance, one needs to look at the conduct of the plaintiff before the representations

were made versus after. If the misrepresentation is an "inducing cause of the party's

assent," then actual reliance exists. See 1 Witkin, Summary of California Law,

Contracts (10th Ed.), §300; citing Rest.2d, Contracts §167. "In assessing whether

one's reliance was justified, the focus is on the plaintiff's belief in light of his own

knowledge and experience." See Gray v. Don Miller & Associates, Inc. (1984) 35

Cal.3d 498, 503.) "The misrepresentation or concealed fact does not need to be the

only reason why the plaintiff acted. "[I]t is well settled that the alleged fraud need

not be the sole cause of a party's reliance." See Sangster v. Paetkau (1998) 68

Cal.App.4th 151, 170. "Rather, all that needs to be shown is that the

misrepresentation or concealed fact substantially influenced plaintiff's choice, even

George Jarvis (J).. Austin, esq. (TBA)
Austin v. OneLegal, et. al. case# TBA
240 E. Channel St. #1354 Stockton, CA 95202, or alternatively
2107 Montauban Ct., Stockton, CA 95210

if it was not the only reason for his conduct." See CACI 1907.)   "In fact a

"presumption, or at least an inference, of reliance arises wherever there is a showing

that a misrepresentation was material."  See Engalla v. Permanente Medical Group,

Inc., 15 Cal.4th at p. 977.

The materiality of each of these key components of the contract with

Defendant OneLegal are not only material, but the essence of the agreement.

Plaintiff agreed to, and was fraudulently induced/deceived by Defendant's

non-performed promises of, a 10 week training period, with check-ins on Fridays

with Edee, payment weekly, 1st week of very small 25 orders (for initial training

purposes), monthly range above 100 orders (as this was unsatisfactory by previous

person) and (both OneLegal, and Plaintiff,) to have open lines of communication

(especially during training period to ensure mastery of the software and desired

manner of order completion).  All fraudulently induced promises were stated prior

to agreeing to the contract (and included in the four corners of the contract via the

exceptions to the Parol Evidence Rule as it not only does not contradict the terms of

written contract, but clarified the parameters and expectations of the contract in

relation to the culture of the company prior to Plaintiff signing).  Unfortunately, for

Defendants, their fraud was specific which allows greater ease of pleading with

specificity.  Because of the overt, and specific, nature of Defendant One Legal's

behavior, and communications, the specific details of **what** happened

(*misrepresented, deceptive promises, not performed by Defendants, to induce*

George Jarvis (J).. Austin, esq. (TBA)
Austin v. OneLegal, et. al. case# **TBA**
240 E. Channel St. #1354 Stockton, CA 95202, or alternatively
2107 Montauban Ct., Stockton, CA 95210

*Plaintiff contract acceptance, and Plaintiff performance)*, **when** *(within the last*

*month)*, **where** *(in Northern California)*, and to **whom** *(deceived Plaintiff as*

*Defendant OneLegal has failed to timely pay according to their own schedule,*

*provide a 10 week training period, with check-ins on Fridays with Edee (as she*

*suggested prior to contract signing), payment weekly, 1st week of very small 25*

*orders (only for initial training purposes), monthly range above minimum 100*

*orders (as this was unsatisfactory by previous person) and (both OneLegal, and*

*Plaintiff,) to have open lines of communication)* is 'transparent' and abundantly

clear.

3.  **Intentional Discrimination**

    a.  Defendant OneLegal's behavior toward Plaintiff evidences intentional

        discrimination as they treated Plaintiff in an inferior manner (as per the very

        minimum standards, and expectations, that they provided prior to signing contract).

        Defendants provided maximum and minimum expected order amount (All

        Plaintiff's orders were perfect and early under expected guidelines as described by

        them).  Yet, OneLegal treated Plaintiff in an inferior manner by providing far less

        than the minimum range, not only breaching contract, but discriminatorily so (the

        order amount was embarrassingly low, and way below the expected amount given

        what they quoted).  Plaintiff reached out throughout the company to correct the

        issue (including the people interviewed with to find out what the issue is, yet, no

        response, or correction was made)

George Jarvis (J).. Austin, esq. (TBA)
Austin v. OneLegal, et. al. case# TBA
240 E. Channel St. #1354 Stockton, CA 95202, or alternatively
2107 Montauban Ct., Stockton, CA 95210

Defendant's discriminatory conduct, singling out Plaintiff for inferior treatment, and choices to violate their own contract as they explained it, and their own standard operating procedures (according to them i.e. normal range, etc.), evidence disparate treatment of Plaintiff (who disclosed protected statuses, as a Black man, etc. prior to, and after, entering contract). See Jauregui v. City of Glendale, 852 F.2d 1128, 1134 (9th Cir. 1988) ("An individual suffers "disparate treatment " when ... "singled out and treated less favorably .... (prima facie case may be made "without any direct proof of discriminatory motivation."). ") See also McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1121-22 (9th Cir. 2004).. .simply...demonstrating that a discriminatory reason more likely than not motivated [is sufficient])). Compensatory, and punitive, damages are available for the harm inflicted by Defendant's discriminatory behavior. See Hemmings v. Tidyman's Inc., 285 F.3d 1174, 1195 (9th Cir. 2002)

Utilizing their own quoted minimum range, and their own contractual expectations, and requirements (including timely pay) as a baseline against which disparate treatment can be measured, the Ninth Circuit has held in multiple cases that when factors indicate differential treatment liability ensues. See Pacific Shores Properties, LLC v. City of Newport Beach, 730 F.3d 1142, 1158 (9th Cir. 2013) ("[Ninth Circuit] cases clearly establish that plaintiffs who allege disparate treatment under statutory anti-discrimination laws 'need not' demonstrate ... a similarly situated entity ...treated better.) The animus is clear not just from the generalized

George Jarvis (J).. Austin, esq. (TBA)
Austin v. OneLegal, et. al. case# **TBA**
240 E. Channel St. #1354 Stockton, CA 95202, or alternatively
2107 Montauban Ct., Stockton, CA 95210

substandard treatment, but because they've actually broken additional laws to do so, including breach, by doing the opposite of what they went out of their way to say was the basic standards of expectations (that they themselves defined).  See Hunter v. County of Sacramento, 80 Fed. R. Serv. 3d 142, 9595-96 (9th Cir. 2011) (" We have long recognized that a custom or practice can be "*inferred* from widespread practices or `evidence of repeated constitutional violations for which the errant [organization representatives] were not [corrected].... constitutes a [discriminatory] standard operating procedure  ..."Liability ... imposed irrespective of whether official policy makers had actual knowledge.")

As the Court has opined, Intent is elusive. Thus, plaintiffs seeking relief under federal law need not provide direct evidence of discriminatory intent at the pleading stage. For example, a party may plausibly plead discriminatory intent by suggesting that "a similarly situated individual or entity outside of the plaintiff's protected group received more favorable treatment from the defendant." Snoqualmie Indian Tribe v. City of Snoqualmie, 186 F. Supp. 3d 1155, 1162 (W.D. Wash. 2016).  A typical assertion of a similarly situated group, would be something like a comparator group (White People) received more favorable treatment than plaintiff's protected group (Black People), however One Legal's behavior, and the subsequent plead facts are even more insidious.  One Legal's intentional disregard of their own self described minimum baselines, including timely pay makes clear their discriminatory intent.

George Jarvis (J).. Austin, esq. (TBA)
Austin v. OneLegal, et. al. case# **TBA**
240 E. Channel St. #1354 Stockton, CA 95202, or alternatively
2107 Montauban Ct., Stockton, CA 95210

       The essence of disparate treatment is treating one person with protected

categories in an inferior way (i.e. refusing to serve, providing inferior services,

overcharging, making people with protected characteristics wait longer, go to the

back of an establishment, 'back of the bus,' etc).   Examples abound of

discrimination and disparate treatment in a variety of context.  The analysis for

disparate treatment (intentional discrimination) is rooted in  employment

discrimination.  Per the Department of Justice's Manual on Proving Intentional

Discrimination "Courts have developed a number of analytical frameworks for

assessing intent claims. The elements of a Title VI intent claim derive from and are

similar to the analysis of cases decided under the Fourteenth Amendment's Equal

Protection Clause [2] and Title VII of the Civil Rights Act of 1964, as amended.[3]

Because the Title VI statutory prohibition on discrimination is based on the Equal

Protection Clause, the constitutional analysis of intentional discrimination should be

applied under Title VI….Generally, intentional discrimination occurs when the

recipient acted, at least in part, because of the actual or perceived race, color, or

national origin of the alleged victims of discriminatory treatment. Doe ex rel. Doe v.

Lower Merion Sch. Dist., 665 F.3d 524, 548 (3d Cir. 2011).  While discriminatory

intent need not be the only motive, a violation occurs when the evidence shows that

the entity adopted a policy at issue "'because of,' not merely 'in spite of,' its

adverse effects upon an identifiable group ." Pers. Adm'r of Mass. v. Feeney, 442

George Jarvis (J).. Austin, esq. (TBA)
Austin v. OneLegal, et. al. case# TBA
240 E. Channel St. #1354 Stockton, CA 95202, or alternatively
2107 Montauban Ct., Stockton, CA 95210

U.S. 256, 279 (1979). (i.e. going out of its way to refuse to pay, timely, or abide by its own terms of agreement).

The DOJ Manual explains [One Legal's] discriminatory patterns (especially "departure from its normal [and contractually required] procedures" See www.justice.gov/crt/fcs/T6Manual6#OFD: "the plaintiff need provide very little ... evidence ... any indication of discriminatory motive ...raise[s] a question that can only be resolved by a fact-finder." Pac. Shores Props., 730 F.3d at 1159 ...Arlington Heights, 429 U.S. at 266–68, and its progeny set forth a variety of factors probative of intent to discriminate….. [and] directs courts ... to engage in a cumulative assessment. See N.C. State Conf. of NAACP v. McCrory, 831 F.3d 204 (4th Cir. 2016). .. [One Legal's application of] different ... standards.[to single out and treat unfavorably].. raise[s] an inference of discriminatory intent. ..." Pac. Shores Props., 730 F.3d at 1159. Injury from One Legal's discriminatory conduct has magnified original injury, and created its own. See Molski v. M.J. Cable, Inc., 481 F.3d 724, 731 (9th Cir. 2007) See also Williams, supra, 380 F.3d at p. 774, quoting legislative history of the ADA [H.R. Rep. No. 101-485 (III), 1990 U.S. Code Cong. Admin. News 445, 453];. " [Regarding what] constitutes adverse action or "harm," there are "no bright-line rules,"..... harm need not be physical in nature, ... For example, the Supreme Court has held that intentional racial segregation is a harm in and of itself (Stigma [from] intentional discrimination). See Brown v. Bd. of Educ., 347 U.S. 483 (1954). See also  Brooks v. Cty. Comm'n of Jefferson Cty., 446 F.3d

George Jarvis (J).. Austin, esq. (TBA)
Austin v. OneLegal, et. al. case# TBA
240 E. Channel St. #1354 Stockton, CA 95202, or alternatively
2107 Montauban Ct., Stockton, CA 95210

1160, 1162– 63 (11th Cir. 2006).  One Legal's behavior shows malice, complete disregard, and lack of communication signaling  pretext excuses "weaknesses,... incoherencies, or contradictions" …[that are] unworthy of credence…[and is] contrary to .. written, and oral, contract setting forth the action the[y].. should have taken [in] the circumstances" Fuentes, 32 F.3d at 764."

"Discriminatorily diverging from standard operating procedures to detriment of [Plaintiff with constitutionally protected characteristic[s]....evidence showing that [Defendant] treated similarly situated non-[B]lack [persons, customers, or claimants] more favorably than [B]lack employees is itself probative of a discriminatory motive. See Vasquez, 349 F.3d at 641; Gerdom v. Cont'l Airlines, Inc., 692 F.2d 602, 609 (9th Cir. 1982)" See also Fields v. Riv. Cem. Co., 226 F. App'x 719, 723 (9th Cir. 2007)  See also EEOC v. Ethio Express Shuttle Service, Inc. dba Texans Super Shuttle, No. H-06-1096 (S.D. Tex. judgment entered Nov. 2007 (denying … more profitable routes, sending them to destinations where no passengers awaited pickup, and misappropriating tips earned by the Black American drivers … judgment prohibits … engaging in other discriminatory practices in the future).  One Legal's discriminatory pattern is clear (based on their own self disclosed standards, expectations, and contract).

4. **Unfair Business Practices**

    a.  Unfair trade practices describe the use of deceptive, fraudulent, or unethical methods to gain business advantage.  Here, Defendant One Legal, fraudulently, and

George Jarvis (J).. Austin, esq. (TBA)
Austin v. OneLegal, et. al. case# TBA
240 E. Channel St. #1354 Stockton, CA 95202, or alternatively
2107 Montauban Ct., Stockton, CA 95210

deceptively induced Plaintiff into contract agreement, and Plaintiff performance.

One Legal's deceptive, unethical, and fraudulent, actions chose to not only not

perform their end of the contract (including timely payment), but chose

non-performance of their communication standard (per Edee's, Cesar's, and TJ's

statements clarifying the terms of the contract including 10 week training period

she, not me, defined and suggested).   One Legal's fraudulent inducement, under

these set of facts, also qualify for liability under Unfair Competition Laws as

literally untrue statements (as were these based on Defendant non-performance) are

presumed to be unfair, and actionable under current law.  See Bishop v. 7-Eleven,

Inc., 37 F. Supp. 3d 1058, 1064 (N.D. Cal. 2014) ("The UCL prohibits business

practices that are unlawful, unfair, or fraudulent. The "fraudulent" prong of the

UCL "requires a showing [that] members of the public are likely to be deceived."

Wang v. Massey Chevrolet, 97 Cal.App.4th 856, 871, 118 Cal.Rptr.2d 770 (2002).

The "unlawful" prong of the UCL "borrows violations of other laws and treats

them as independently actionable." Daugherty v. Am. Honda Motor Co., Inc., 144

Cal.App.4th 824, 837, 51 Cal.Rptr.3d 118 (2006).... Some courts have held that the

"unfair" prong requires alleging a practice that "offends an established public policy

or ... is immoral, unethical, oppressive, unscrupulous or substantially injurious...

TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 825 n. 1 (9th Cir.2011)

("Plaintiffs filing an unfair competition suit must prove a pecuniary injury ... and

'immediate' causation" ... Under the UCL and FAL, a plaintiff suffers an

George Jarvis (J).. Austin, esq. (TBA)
Austin v. OneLegal, et. al. case# TBA
240 E. Channel St. #1354 Stockton, CA 95202, or alternatively
2107 Montauban Ct., Stockton, CA 95210

injury-in-fact when he or she has "(1) expended money due to the defendants' acts

of unfair competition; (2) lost money or property; or (3) been denied money to

which he or she has a cognizable claim." Chacanaca v. Quaker Oats Co., 752

F.Supp.2d 1111, 1125 (N.D.Cal.2010).)

  Here, Plaintiff suffered economic injuries by not receiving even the

minimum , let alone the full, benefit range of the contract for which he relied, and

performed services, and there ample evidence that he utilized all available mediums,

and contacts, he knew about to avoiding these problems, and Defendants fraudulent

non-performance (including that of non-payment) resulting in an unavoidable

economic injury (for Plaintiff).  See Rosado v. eBay, Inc., 53 F. Supp. 3d 1256

(N.D. Cal. 2014)  See also Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med.

Progress, 214 F. Supp. 3d 808, 837 (N.D. Cal. 2016) ("[W]hether a business

practice is deceptive will usually be a question of fact not appropriate for decision

on demurrer." Williams v. Gerber Products Co. , 552 F.3d 934, 938 (9th Cir. 2008).

Plaintiffs allege that defendants defrauded the plaintiffs and the public when

defendants held themselves out to be [and do something they did not]... Defendants'

unlawful, unfair, and fraudulent conduct is ongoing....suffice to support injunctive

relief under the UCL because they establish the specific threat of ongoing conduct

and are not simply based on past wrongs. But see Bates v. United Parcel Serv., Inc.

, 511 F.3d 974, 985 (9th Cir. 2007) ").  Defendant One Legal's ongoing unfair trade

practices, and false advertisement, includes business practices or acts that are

George Jarvis (J).. Austin, esq. (TBA)
Austin v. OneLegal, et. al. case# **TBA**
240 E. Channel St. #1354 Stockton, CA 95202, or alternatively
2107 Montauban Ct., Stockton, CA 95210

deceptive, fraudulent, causes injury including misrepresentation of an order type

payment timing, and price, "bait and switch[es]," false statements and deceptive

guarantees creating liability for themselves.

5. **Retaliation**

   a.  Defendants have engaged in negative, strange, and retaliatory behavior as soon as

Plaintiff inquired about elements of the contract that they defined, and explained to

Plaintiff, not being met, or performed, after he relied, and performed his end of the

bargain.  Plaintiff agreed to a 10 week training period, with check-ins on Fridays,

payment weekly, 1st week of very small 25 orders (for initial training purposes),

monthly range above 100 orders (as this was unsatisfactory by previous person) and

(both OneLegal, and Plaintiff,) to have open lines of communication (especially

during training period to ensure mastery of the software and desired manner of

order completion).  Yet, when these things promised by OneLegal, and not

performed, although Plaintiff still performed, were not met Plaintiff reported to key

stakeholders in the company (and they did not respond, nor correct the issue).

Further, when Plaintiff asked when he would be paid Defendants responded with

negative actions, and a seeming threat, although he kept communications positive,

and alerted that they had issues that need correcting.  The response pattern was

particularly strange since all his orders were done above specs, and moreover

completed early (although far less than what Plaintiff agreed to per specified

OneLegal contract).  Edee recently rushed to communicate, on 1/13/22, via phone

George Jarvis (J).. Austin, esq. (TBA)
Austin v. OneLegal, et. al. case# TBA
240 E. Channel St. #1354 Stockton, CA 95202, or alternatively
2107 Montauban Ct., Stockton, CA 95210

at an unscheduled time, and Plaintiff responded via text (and email) that he would

be available next week (as this week was hectic due events, deadlines, and projects

planned months in advance), and offered her earliest times available but heard

nothing back.  Communication after that has fundamentally been shut down, but it's

unclear what is true as Plaintiff a. Has not been paid (although he has signed

Affidavits for Orders completed) b. Defendant has failed nearly every one of their

self defined, and explained, contractual duties, and even after being made aware

still hasn't corrected and c. now appears to have shut down communication without

explanation or justification in retaliation to Plaintiff complaints up the chain of

command (as he access to) in their company regarding their failed duties, and

multiple violations of the law.

## Relief

Plaintiff requests all relief available including Injunctive, Compensatory and Punitive Damages due

to harms caused by OneLegal (including discrimination, stigmatization, retaliation, emotional

distress, economic/monetary, as well as others).


bConnected
powered by Google

George Austin <gaustin07@berkeley.edu>

## We've received your message — Case Number: 01278215

One Legal Support <noreply@onelegal.com>
Reply-To: support@onelegal.com
To: "gaustin07@berkeley.edu" <gaustin07@berkeley.edu>

Fri, Jan 14, 2022 at 9:50 PM

Hello,

Thank you for contacting One Legal Customer Support. We've received your support request (**case number 01278215**) and wanted to let you know we're on top of it.

> **Subject:**
> Still haven't been paid.
>
> **Detail:**
> Hi One Legal,

I still haven't been paid?

George Austin <gaustin07@berkeley.edu> Fri, Jan 14, 2022 at 9:46 PM
To: TJ Murphy <tjmurphy@onelegal.com>, Edee Thomas <ethomas@onelegal.com>
Bcc: Kaneisha Rose <Kaneisha.Rose@onelegal.com>, Alyssa Gonzales <agonzales@onelegal.com>, Debbie Wilkinson <dwilkinson@onelegal.com>, Cesar Lopez <clopez@onelegal.com>
Hi TJ, and Edee

Per my last five communication notices (I still haven't been paid), and you are in breach of contract (as well as other violations).

This will be my last notice.

Thank you,

George Jarvis Austin
Federal Attorney of Record, (for myself) Plaintiff, Pro Se.

A member of our support team will investigate and follow up with you within one business day to resolve your inquiry.

If you have a time-sensitive matter and need to speak to us sooner, please call our Customer Support team at 800-938-8815 between 8:00 a.m. and 5:00 p.m. (PT), Monday to Friday.

If you have questions about the services available in a specific California Superior Court, you may find the answers in our court directory.

There are also answers to the most common inquiries in our self-help resource center at support.onelegal.com.

Sincerely,

The One Legal Team

You are receiving this email because you have reached out to our Customer Support team regarding your One Legal account. Get help in our Support Center or Contact us.

InfoTrack US, Inc. 1400 N. McDowell Blvd., Suite 300, Petaluma, CA 94954

ref:_00D80KX2N._5001E1VDydk:ref



**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.