UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE JARVIS AUSTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>ONE LEGAL LLC, et al.,<br><br>    Defendants. | Case No. 22-cv-00360-TLT<br><br>**ORDER TO SHOW CAUSE**<br>Re: ECF 39, 59 |

The Court held a case management conference in this matter on October 26, 2022, via videoconference. ECF 59. Notice of the case management conference was issued on September 20, 2022, by clerk's notice to *pro se* plaintiff George Jarvis Austin at the email address he registered with this Court's electronic case filing system. ECF 39. Mr. Austin did not appear at the case management conference and is **ORDERED TO SHOW CAUSE** as to why this action should not be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

On October 19, 2022, Mr. Austin filed an administrative motion requesting a continuance of the case management conference on grounds that he did not receive notice of the case management conference and that he was unavailable due to his work schedule. ECF 47. The Court denied plaintiff's first administrative motion as it was untimely under Civil Local Rule 6-1 and 6-2. ECF 51.

Subsequent to the Court's order, Mr. Austin filed three identical administrative motions to reschedule the case management conference. ECF 52, 54, 55. The Court notes that plaintiff's second administrative motion still does not conform to Civil Local Rules 6-1 and 6-2.

Plaintiff asserts that the case management conference should have been continued because he did not receive notice of defendant's appearance via the ECF e-notification system. Lack of

1 notification of defendant's appearance in the case is irrelevant to the clerk's notice of the case
2 management conference on September 20, 2022. Nonetheless, Mr. Austin should have anticipated
3 defendant's appearance in the case because he filed the executed proof of service of summons on
4 the court's electronic case failing system on October 19, 2022—the same day that he received
5 defense counsel's email notifying him of defendant's appearance and their intention to attend the
6 case management conference. ECF 49. The Court finds that plaintiff was not prejudiced if he did
7 not receive notification of defendant's appearance through the ECF system because he received
8 notice from counsel on the same day.

9 Second, Mr. Austin seeks an ADA accommodation to continue the case management
10 conference. The Court website provides that, "[a]lthough the United States Courts are not subject
11 to the Americans with Disabilities Act (ADA), it is the Court's police to remove disability-related
12 barriers to court services by providing reasonable accommodations." *See* United States District
13 Court Norther District of California, Visitors with Disabilities & Special Needs webpage
14 https://www.cand.uscourts.gov/about/locations/access/. The Court provides accommodations
15 related to wheelchair access, visual and hearing impairments, and lactating people. The clerk's
16 notice of the case management conference states that it will be held via videoconference. ECF 39.
17 Therefore, no ADA accommodations were necessary since plaintiff was not required to physically
18 appear in court. More to the point, Mr. Austin's request falls outside the scope of ADA
19 accommodations provided by this Court.

20 Based on Mr. Austin's nonappearance at the case management conference, the
21 administrative motion to continue the conference is now rendered moot. ECF 52, 54, 55.
22 Nonetheless, the Court is unpersuaded by plaintiff's motion. Accordingly, because of plaintiff's
23 nonappearance at the case management conference, plaintiff is **ORDERED TO SHOW CAUSE**
24 as to why this action should not be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

25 Plaintiffs have a general duty to prosecute their actions. Pursuant to Federal Rule of Civil
26 Procedure Rule 41(b), a district court may *sua sponte* dismiss an action for failure to prosecute or
27 to comply with a court order. *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *McKeever v.*
28 *Block*, 932 F.2d 795, 797 (9th Cir. 1991). But such a dismissal should only be ordered when the

United States District Court
Northern District of California

failure to comply is unreasonable. *See Id.* A district court should afford the litigant prior notice of its intention to dismiss. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987).

**NOTICE** is hereby given that a hearing on the Order to Show Cause will be held on December 13, 2022 at 2 p.m. in courtroom 9 at 450 Golden Gate Avenue, 19th Floor, San Francisco, California. Plaintiff's response to the Order to Show Cause is due to be filed on or before by November 18, 2022.

This order terminates ECF No. 52, 54, 55.

**IT IS SO ORDERED.**

Dated: October 28, 2022

_____
TRINA L. THOMPSON
United States District Judge

3